IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Helen Winona Snell Surles Coleman, | C/A No. 5:10-0535-MBS-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Thomas S. Monson; All members of The Mormon Melchizedek Priesthood Order, *and those named specifically in the Causes of Action*; and 25 Jane and John Does, | |
| Defendants. | |

The plaintiff, Helen Winona Snell Surles Coleman ("Plaintiff"), is a resident of Neeses, which is a town in Orangeburg County, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. This civil action arises out of the dissolution of the plaintiff's marriage in Utah, decisions issued by state courts in Utah, and a religious dispute with the Mormon Church.[1] The plaintiff alleges in her Complaint and Amended Complaint (Docket Entries 1 & 8) that, because many state officials and judges in Utah are members of the Mormon Church, she has not been able to receive a fair resolution of her disputes in courts of the State of Utah. In her prayer for relief, the plaintiff seeks a court order annulling the "Celestial Slave Marriage to the Prophet" and granting the plaintiff a secular divorce, one billion dollars in damages, a referral of this case to the Justice Department for criminal prosecution, a court order to rescind the "Certificate of Authority" allowing the Mormon Church to do business in South

---

[1]It can be judicially noticed that the plaintiff is referring to the Church of Jesus Christ of Latter Days Saints, whose main headquarters is in Salt Lake City, Utah.



Carolina, and an investigation of the government of Utah under the Guarantee Clause, Article IV, section 4 of the United States Constitution.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989) (insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) (formerly 28 U.S.C. § 1915(d)), as "frivolous").

PJG

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The plaintiff's religious claims are not cognizable in a United States District Court because the Establishment Clause of the First Amendment to the United States Constitution prohibits federal courts from getting involved in religious disputes. In the United States, there is no connection between governmental (state or federal) courts and ecclesiastical courts. See Oliverson v. West Valley City, 875 F. Supp. 1465 (D. Utah 1995) (comparing the jurisdiction and functions of secular and ecclesiastical courts in pre-modern England); cf. Stephens v. Herring, 827 F. Supp. 359 (E.D. Va. 1993). As a court of limited jurisdiction, the United States District Court for the District of South Carolina has no jurisdiction over disputes concerning ecclesiastical law, rabbinical law, canon law, or religious disputes. See Serbian E. Orthodox Diocese v. Milivojevich, 426 U.S. 696 (1976);

EEOC v. Catholic Univ. of Am., 856 F. Supp. 1 (D.D.C. 1994), aff'd, 83 F.3d 455 (D.C. Cir. 1996); Nunn v. Black, 506 F. Supp. 444 (W.D. Va. 1981), aff'd, 661 F.2d 925 (4th Cir. 1981) (Table). As a result, a district court's exercise of jurisdiction over religious matters would violate the Establishment Clause. See Serbian E. Orthodox Diocese v. Milivojevich; Fraser v. Salvation Army, C/A No. 96-8691, 1998 WL 13272 (E.D. Pa. Jan. 15, 1998) ("Because, the underlying controversy is of an ecclesiastical nature this court lacks jurisdiction to review this action."); EEOC v. Roman Catholic Diocese of Raleigh, North Carolina, 213 F.3d 795 (4th Cir. 2000); see also Commack Self-Service Kosher Meats, Inc v. Weiss, 294 F.3d 415 (2d Cir. 2002) (invalidating State of New York's kosher food fraud law under the Establishment Clause).

Moreover, this federal court does not have jurisdiction to review the various decisions issued by state courts in Utah involving the plaintiff. Federal trial courts cannot review decisions of state courts in non-habeas civil cases. Appeals of orders issued by lower state courts must go to a higher state court and only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (providing that a federal district court lacks the authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) (same).[3] In civil, criminal, and

---

[3]The Supreme Court has recognized that the Rooker-Feldman doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Davani v. Virginia Dep't of Transp., 434 F.3d 712 (4th Cir. 2006).

other cases, the Supreme Court of the United States has reviewed decisions of the state courts that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. Cf. Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*). In Bonner v. Circuit Court of St. Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." See also 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment).

Furthermore, even though complete diversity of parties appears to be present in this case, the domestic relations exception to the diversity statute would preclude this court from addressing the domestic relations issues raised in this case. See Wasserman v. Wasserman, 671 F.2d 832, 834 (4th Cir. 1982); Wilkins v. Rogers, 581 F.2d 399, 403-405 & n.4 (4th Cir. 1978); Thrower v. Cox, 425 F. Supp. 570, 571-574 (D.S.C. 1976). Finally, federal appellate courts have held that federal district courts "may abstain for reasons of comity and common sense from cases better handled by state courts having authority over matrimonial and family matters." Gonzalez Canevero v. Rexach, 793 F.2d 417, 418 (1st Cir. 1986); cf. Kelser v. Anne Arundel County Dep't of Soc. Servs., 679 F.2d 1092, 1094-95 (4th Cir. 1982).

In this civil action, the plaintiff cannot obtain a criminal investigation or criminal charges against the defendants. See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-



prosecution of another person); <u>Diamond v. Charles</u>, 476 U.S. 54, 64-65 (1986) (applying <u>Linda R. S. v. Richard D.</u> and collecting cases).

Moreover, the plaintiff's challenges to state action based on the Guarantee Clause[4] present no justiciable question. <u>See</u> <u>Baker v. Carr</u>, 369 U.S. 186, 224 (1962); <u>City of Rome v. United States</u>, 446 U.S. 156, 182 n.17, (1980) ("We do not reach the merits of the appellants' argument that the Act violates the Guarantee Clause . . . since that issue is not justiciable."); <u>Luther v. Borden</u>, 48 U.S. 1 (7 How.) 1, 38-39 (1849). Article IV, Section 4 does not contain sufficient standards for a court to utilize in invalidating state action. <u>Baker v. Carr</u>, 396 U.S. at 223.

**RECOMMENDATION**

Accordingly, the court recommends that the above-captioned case be dismissed without prejudice. <u>See</u> 28 U.S.C. § 1915; <u>see</u> <u>also</u> <u>In Re Prison Litigation Reform Act</u>, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 29, 2010
Columbia, South Carolina

*The plaintiff's attention is directed to the important Notice on the next page.*

---

[4]The Guarantee Clause (also referred to by courts as the Guaranty Clause) provides that "[t]he United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence." To violate the Guarantee Clause, a state must pose some "realistic risk of altering the form or method of functioning of government." <u>New York v. United States</u>, 505 U.S. 144, 185 (1992).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).