IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Helen Winona Snell Surles Coleman, ) | |
| ) | C/A No. 5:10-0535-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Thomas S. Monson; All Members of the ) | |
| Mormon Melchizedek Priesthood Order, ) | |
| *and those named specifically in the Causes* ) | |
| *of Action*; and 25 Jane and John Does, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Helen Winona Snell Surles Coleman ("Plaintiff"), proceeding pro se, filed this action on March 5, 2010. ECF No. 1. Plaintiff is currently a resident of Neeses, South Carolina. See id. at 4. In her Complaint, Plaintiff asserts that she has previously brought several related lawsuits in the Utah State courts and one in a Georgia federal district court, all of which asserted claims at least tangentially related to her involvement in the Mormon Church. Dissatisfied with the disposal of her claims by those courts, she makes the same or similar claims in the instant action, in which she seeks the following forms of relief:

1. That the Court annul the Celestial Slave Marriage to the Prophet, and void the chattel marriage to my husband and give me a secular divorce from him.

2. Order the Prophet to pay one billion dollars for the 40+ years of persecution, damages to property and payments and the infliction of extreme pain and suffering metered out by he and his theocratic minions and he be held totally responsible for all damages.

3. That this case be given to the Justice Department for prosecution for the defendants [sic] criminal activ[iti]es.

4. Rescind the Certificate of Authority to do business in our state by the LDS Church because it fronts for the Defendant Prophet Theocracy activities in South Carolina.

5. That the President and Congress investigate the government of the State of Utah for lack of a republican form of government in accordance with Article IV, section 4; and investigate the individual tax exemptions for churches that supports a second government in violation of the 1st Amendment's, make no law.

Id. at 12–13.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge issued a Report and Recommendation (the "R&R") on March 30, 2010 recommending that this action be dismissed without prejudice. ECF No. 11. Specifically, the Magistrate Judge recommended that this court find that Plaintiff's "religious claims are not cognizable in a United States District Court because the Establishment Clause of the First Amendment . . . prohibits federal courts from getting involved in religious disputes," id. at 4; that this court "does not have jurisdiction to review the various decisions issued by state courts in Utah involving the plaintiff," id. at 5; "the domestic relations exception to the diversity statute would preclude this court from addressing the domestic relations issues raised in this case," id. at 6; that "the plaintiff cannot obtain a criminal investigation or criminal charges against the defendants" as relief, id.; and "the plaintiff's challenges to state action based on the Guarantee Clause present no justiciable question." Id. at 7.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. However, the

district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections, filed on April 30, 2010, fail to direct the court to a specific error in the R&R. See ECF No. 17. Instead, Plaintiff requests that the court grant her leave to amend the Complaint to strike its pre-printed caption, "Pro Se (Non-Prisoner Complaint Form)," challenges the R&R's characterization of the action as alleging claims related to domestic relations, and reiterates and expounds upon the allegations made in the Complaint. Plaintiff's proposed amendment to the Complaint, which is based on Plaintiff's concern that the pre-printed caption "prejudicially implies that plaintiff is an ex-convict . . . and . . . [makes assertions] frivolous, tainted and lack[ing in] merit and [is] unable to find an attorney to support her . . . claim," id. at 1, does not address the legal issues raised by the R&R and, therefore, cannot save the action from dismissal. Moreover, Plaintiff's Prayer for Relief explicitly requests that this court "annul the Celestial Slave Marriage to the Prophet, and void the chattel marriage to my husband and give me a secular divorce from him." Compl. 12–13, ECF No. 1. As the Magistrate Judge correctly noted, the First Amendment prohibits the court from exercising jurisdiction over disputes concerning ecclesiastical law, rabbinical law, canon law, or other such matters. Plaintiff's objection to the Magistrate Judge's characterization of the action as one implicating domestic relations issues is without merit.

Despite Plaintiff's failure to make specific objections to the Magistrate Judge's proposed legal conclusions which, if adopted, would require dismissal of the Complaint, the court has

3

thoroughly examined the record.  The court adopts the recommendation of the Magistrate Judge to the extent she found that the First Amendment prevents the court from intermeddling in internal ecclesiastical disputes.  Plaintiff's motion to amend is **DENIED**, ECF No. 17, the Complaint is **DISMISSED** without prejudice, and Plaintiff's motion for the court to issue summons is **DENIED** as moot, ECF No. 18.

      **IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
United States District Judge

Columbia, South Carolina

October 14, 2010